■ NEW YORK UNIVERSITY, Respondent, v CONTINENTAL INSURANCE COMPANY et al., Appellants. [618 NYS2d 634] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered June 18, 1993, which, inter alia, denied defendants' motion pursuant to CPLR 3211 (a) to dismiss the second through fifth causes of action of the complaint and to strike the demand for attorneys' fees, unanimously affirmed, with costs.

The complaint adequately states a cause of action against defendants for breach of the instant insurance contract. The pleadings supplemented by evidence proffered by plaintiff adequately allege, for purposes of the instant motion, that defendants also engaged in egregious tortious misconduct directed at plaintiff and at the public in general. Accordingly, punitive damages may be recoverable in this action (see, Rocanova v Equitable Life Assur. Socy., 83 NY2d 603, 613). Similarly, a cause of action sounding in deception, in violation of General Business Law § 349, has been satisfactorily pled

*(see, Riordan v Nationwide Mut. Fire Ins. Co.,* 977 F2d 47, 52). We also note that while a significant part of plaintiff's section 349 claim is based upon defendants' violation of Insurance Law § 2601, the section 349 claim is not undermined by the fact that a private cause of action does not exist under section 2601 *(supra).*

We have considered all other claims raised by defendant and find them meritless. Concur—Rosenberger, J. P., Kupferman, Asch and Tom, JJ.